ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
JENNIFER MILAZZO (SB# 318356)
jennifermilazzo@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, 25th Floor
Los Angeles, CA  90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, CA  94111
Telephone:  (415) 856-7000
Facsimile:  (415) 856-7100

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MICELI and CHERI PERRY, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 3:24-cv-83<br><br>**DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Sonoma County Superior Court Case No. 23CV01630<br><br>Complaint Filed:  November 20, 2023 |

1    TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that Defendant Dollar Tree Stores, Inc. ("Dollar Tree") hereby

3    removes the above-captioned action from the Superior Court for the State of California, in and for the

4    County of Sonoma ("Superior Court"), to the United States District Court for the Northern District of

5    California ("District Court"), based on diversity of citizenship jurisdiction under 28 U.S.C. section 1332

6    (as amended by the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 4(a), 119 Stat. 9).  In

7    support of removal, Dollar Tree alleges as follows:

8        1.      On November 20, 2023, Plaintiffs Corey Miceli and Cheri Perry filed a putative class

9    action in Sonoma County Superior Court entitled:  "*COREY MICELI and CHERI PERRY, individually,*

10   *and on behalf of others similarly situated, Plaintiffs, vs. DOLLAR TREE STORES, INC., a Virginia*

11   *corporation; and DOES 1 through 25, inclusive, Defendants,*" Sonoma County Superior Court Case

12   No. 23CV01630 ("Complaint").  The allegations in the Complaint are incorporated into this Notice by

13   reference without admitting the truth of any of them.

14       2.      In the Complaint, Plaintiffs purport to bring class claims on behalf of themselves and the

15   following putative classes:  "All current and former salaried employees whom Defendants classified as

16   exempt and who worked for Defendants in the State of California at one or more of Defendants' retail

17   locations at any time during the period from four years prior to the date of the filing of this Complaint

18   until final judgment ('Class Period'), excluding any members of Defendants' executive leadership teams

19   and/or their Board of Directors."  (The "Plaintiffs' Putative Class").  Compl. ¶ 29.  Plaintiffs also plead

20   a "Former Employee Sub-class" defined as:  "All Class members whose employment with Defendants

21   ended either permanently or temporarily during the Class Period."  Compl. ¶ 30.  The Complaint asserts

22   nine putative class action causes of action for: (1) failure to pay minimum wages; (2) failure to pay

23   overtime wages; (3) meal break violations; (4) rest break violations; (5) wages not timely paid during

24   employment; (6) failure to provide accurate wage statements; (7) untimely final wages; (8) failure to

25   reimburse necessary business expenses; and (9) unfair competition in violation of California Business

26   and Professions Code sections 17200, *et seq*.  *See* Compl.

27       3.      On December 6, 2023, Plaintiffs personally served Dollar Tree with the Summons and

28   the Complaint in this Action.  A true and correct copy of the Summons and Complaint served on Dollar

Tree on December 6, 2023, is attached to this Notice as Exhibit A.

4.      With the Summons and the Complaint, Plaintiffs also personally served Dollar Tree with: a Civil Case Cover Sheet, Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause in this Action.  True and correct copies of the Civil Case Cover Sheet, Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference, and Order to Show Cause served on Dollar Tree on December 6, 2023, are attached to this Notice as Exhibits B and C, respectively.

5.      Exhibits A through C contain all process, pleadings, and orders served on Dollar Tree, as of the date of this removal.

6.      On December 7, 2023, Plaintiffs filed a "Proof of Service of Summons," reflecting service the Complaint on December 6, 2023.  A true and correct copy of the "Proof of Service of Summons" is attached to this Notice as Exhibit D.

7.      On January 2, 2024, Dollar Tree filed its Answer to Plaintiffs' Putative Class Action Complaint.  A true and correct copy of Dollar Tree's Answer is attached to this Notice as Exhibit E.

8.      Exhibits A through E also reflect all documents that Dollar Tree understands have been filed in this matter.  A true and correct copy of the "Events and Hearings" tab on the docket in this matter from the Sonoma County Superior Court, as of the date of this removal, is attached to this notice as Exhibit F.

9.      No other defendant is named in this Action and Dollar Tree is informed and believes that no other defendant has been served with process in this Action.

10.      This notice of removal is effected properly and timely pursuant to 28 U.S.C. section 1446(b).

11.      Notice of this removal will promptly be given to both Plaintiffs and the Superior Court pursuant to 28 U.S.C. section 1446(d).

12.      Venue of this Action exists in this District pursuant to 28 U.S.C. section 1441(a) because the Superior Court is located within this District.

**REMOVAL IS PROPER UNDER CAFA**

13.     The Action is properly removed to this Court under the amended rules for diversity of citizenship jurisdiction under CAFA.  CAFA amended 28 U.S.C. section 1332 to provide that a putative class action is removable to federal court if (a) any member of a class of plaintiffs is a citizen of a state different from any defendant; (b) the proposed class members number is at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Each of these requirements is met in this Action.

**DOLLAR TREE IS NOT A GOVERNMENT ENTITY**

14.     Under 28 U.S.C. section 1332(d)(5)(A), CAFA does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

15.     Dollar Tree is not a state, state official, or other governmental entity.  *See* Declaration of Jeffrey Whitemore, filed concurrently herewith ("Whitemore Decl."), ¶ 3.

**THE CITIZENSHIP OF THE PARTIES IS DIVERSE**

16.     Dollar Tree is informed and believes that Plaintiffs are now, and were at the time the Action commenced, citizens of the State of California within the meaning of 28 U.S.C. section 1332(a).  *See* Compl. ¶ 10 ("At all times herein mentioned, Plaintiff COREY MICELI was a resident of Los Angeles County in the State of California.") and ¶ 11 ("At all times herein mentioned, Plaintiff CHERI PERRY was a resident of Sonoma County in the State of California.").

17.     A corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. section 1332(c)(1).  A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," which should "normally be the place where the corporation maintains its headquarters."  *Hertz v. Friend*, 559 U.S. 77, 92-93 (2010).

18.     Dollar Tree is incorporated in Virginia.  Whitemore Decl. ¶ 3.  Dollar Tree's headquarters are also located in Virginia, where its executive and senior management personnel, and primary management operations are based.  *Id.*  This is the case for all points in time relevant to this Action.  *Id.*

19.     Dollar Tree is the only named defendant named in this Action.  The presence of Doe defendants has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

20.     Accordingly, no named defendant is a citizen of California, in which state this Action was filed, and there is complete diversity of citizenship between the parties.

## THE PROPOSED CLASS MEMBERS NUMBER IS AT LEAST 100

21.     As discussed in Paragraph 2, Plaintiffs plead their claims on behalf of current and former California salaried store employees classified as exempt, Plaintiffs' Putative Class.  *See* Compl. ¶¶ 29-30.

22.     Throughout the relevant time period, Dollar Tree has classified California store managers as exempt.  *See* Whitemore Decl., ¶ 2.  Accordingly, Dollar Tree understands Plaintiffs' putative class action to be pleaded on behalf of California store managers.

23.     Using its employment data, Dollar Tree determined that, between November 20, 2020 and December 1, 2023, there have been 331 different terminated California Store Managers of Dollar Tree.  Whitemore Decl., ¶ 9.  This number only includes the Former Employee Sub-class pleaded by Plaintiffs, a subset of Plaintiffs' Putative Class.  Accordingly, the requirement that the proposed class members number be at least 100 is clearly satisfied.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

24.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  *See* 28 U.S.C. § 1332(d)(6).  In this case, the Complaint is silent as to the amount in controversy.  A defendant seeking removal of a putative class action need only demonstrate, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum."  *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

25.     As reflected below, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

**WAGE STATEMENT PENALTIES**

26.    California Labor Code section 226(a) requires an employer to furnish an employee with an accurate, itemized wage statement at the time of the payment of wages, and the wage statement must list accurately gross wages earned, total hours worked, net wages earned, and applicable hourly rates in effect (among other things).  Cal. Lab. Code § 226(a).  California Labor Code section 226(e), in turn, creates statutory penalties for a knowing and intentional failure to issue a proper wage statement if the failure injures the employee.  *Id.* at (e).  Those statutory penalties are $50 per employee for the initial pay period in which a wage-statement violation occurs and $100 per employee for each violation in a subsequent pay period.  *Id.*  The penalties are capped at $4,000 per employee.  *Id.*

27.    Plaintiffs purport to bring a claim for statutory penalties pursuant to California Labor Code section 226 on behalf of themselves and Plaintiffs' Putative Class.  *See* Compl., ¶¶ 29, 33-37.

28.    Plaintiffs allege the Dollar Tree "intentionally and willfully failed to provide Plaintiffs and other class members with complete and accurate wage statements."  Compl. ¶ 84.  Due to Plaintiffs' allegations that Plaintiffs' Putative Class was misclassified as exempt, Plaintiffs alleged that Dollar Tree's wage statement deficiencies include, among other things, a "failure to state all hours worked" and "failure to include correct rates of pay."  *Id.*  Given the nature of Plaintiffs' allegations, Plaintiffs' have placed at issue all wage statements issued to Plaintiffs' Putative Class during the one-year statutory period.  *See* Cal. Civ. Proc. Code § 340(a).

29.    Dollar Tree calculated wage statement statutory penalties placed at issue by the Complaint as follows:

a)    Using its payroll data, Dollar Tree determined that there were approximately 23,330 wage statements issued to exempt Dollar Tree store managers in California from November 20, 2022 through December 21, 2023.  Whitemore Decl., ¶ 4.  Dollar Tree determined that approximately 681 wage statements were issued to Dollar Tree store managers on the first pay date after November 20, 2022.  Whitemore Decl., ¶ 5.  Furthermore, as discussed above, Dollar Tree also determined that 43 exempt associates were hired in California who received at least one wage statement after November 20, 2022.  Whitemore Decl., ¶ 6.

b)   Dollar Tree then applied the $50 and $100 penalty scheme from California Labor Code section 226(e).

    i.   To determine the total number and amount in controversy calculation for "initial pay period" wage statements at issue, given the nature of Plaintiffs' claims in the Complaint, Dollar Tree added the approximate number of wage statement issued to non-exempt Dollar Tree associates in California on November 20, 2022 (681) to the number of exempt associates hired in California who received a wage statement after November 20, 2022 (43). This equals 724. Dollar Tree then multiplied that number by $50, which amounts to $36,200.

    ii.   To determine the total number and amount in controversy calculation for "subsequent pay period" wage statements at issue, given the nature of Plaintiffs' claims in the Complaint, Dollar Tree took the approximate number of wage statements issued to non-exempt Dollar Tree associates in California from November 20, 2022 and December 21, 2023 (23,330) and subtracted the total number of first wage statements calculated in paragraph (i) above (724). This leaves 22,606 wage statements. Dollar Tree multiplied that number by $100, which amounts to $2,260,600.

    iii.   To determine the amount in controversy calculation for wage statements at issue, given the nature of Plaintiffs' claims in the Complaint, Dollar Tree added the "initial pay period" wage statement violations amount and the "subsequent pay period" wage statement violations amount ($36,200 + $2,260,600). That total amount is $2,296,800.

    iv.   The $4,000 cap per associate does not apply, given that only 13 months have passed since the start of the limitations period. The maximum potential wage statement penalty for any single associate, employed and receiving a wage statement biweekly between November 2022 and December 2023, would be approximately $2,700.

30.     In setting forth this calculation, Dollar Tree does not admit that Plaintiffs or any other person were not provided accurate, itemized wage statements or that Dollar Tree is liable to Plaintiffs or any other person in any amount or for any relief.  On the contrary, Dollar Tree denies that it is liable to Plaintiffs or any other person in any amount and for any relief.

### WAITING TIME PENALTIES

31.     Under their Seventh Cause of Action, Plaintiffs allege that Dollar Tree willfully failed to pay all wages due to discharged and quitting employees, in violation of California Labor Code section 203.  Compl., ¶¶ 88 – 93; Prayer at p. 22:2-12.

32.     In a case of willful failure to pay final wages upon termination, California Labor Code section 203 imposes a waiting-time penalty equal to the employee's daily wage rate for a maximum of 30 days.  Cal. Lab. Code § 203(a).  These penalties are calculated as an employee's final daily rate of pay (*i.e.*, the employee's final wage rate times the employee's average shift length) times the number of days of waiting-time penalties (up to 30 days).  *See id.*; *Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998).

33.     Plaintiffs purport to bring their claim pursuant to California Labor Code section 203 on behalf of associates no longer employed, *i.e.*, Plaintiffs' "Former Employee Sub-class." *See* Compl. ¶¶ 30, 38-42.  Derivative of Plaintiffs' other claims, Plaintiffs allege that Dollar Tree "willfully failed to pay Plaintiffs and the other class members all wages owed to them" under California Labor Code sections 201 and 202, thereby entitling them to waiting time penalties under California Labor Code section 203.  Compl., ¶¶ 92-93.

34.     Under California Code of Civil Procedure section 338 and *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395 (2010), the statute of limitations for a claim under Section 203 is three years.

35.     Applying a potential three-year statute of limitations, the amount in controversy as to Plaintiffs' Section 203 claim alone is more than $2,831,328.

36.     Dollar Tree calculated these waiting-time penalties placed at issue by the Complaint as follows:

a)  Using its employment data, Dollar Tree has determined that it employed 331 exempt California store managers whose employment was terminated between November 20, 2020 and December 11, 2023.  Whitemore Decl., ¶ 9.  Specifically: (i) 3 exempt California store managers were terminated between November 20, 2020 and December 31, 2020; (ii) 101 exempt California store managers were terminated in 2021; (iii) 112 exempt California store managers were terminated in 2022; and (iv) 115 exempt California store managers were terminated between January 1, 2023 and December 1, 2023.

b)  Store Managers at Dollar Tree in California are paid a salary equivalent of at least twice the minimum wage.  *Id*. ¶ 4.  In 2020, the minimum salary for each store manager was equivalent to an hourly rate at full-time employment of $26.00 per hour.  *See* Derry Decl., ¶ 3.  In 2021, the minimum salary for each store manager was equivalent to an hourly rate at full-time employment of $28.00 per hour.  *Id.*  In 2022, the minimum salary for each store manager was equivalent to an hourly rate at full-time employment of $30.00 per hour.  *Id.*  As of 2023, the minimum salary for each store manager was equivalent to an hourly rate at full-time employment of $31.00 per hour.  *Id.*

c)  Throughout the relevant time period, Store Managers in California have been expected to schedule themselves to work in California stores 48 hours per week, 5 days per week, which equates to 9.6 hours per day.  *See* Whitemore Decl. ¶ 7.

i.  Accordingly, Dollar Tree assumed that each of the 331 terminated store managers could be entitled to up to 30 days' worth of waiting-time penalties based on Plaintiff's allegations discussed above.

ii.  Thus, for a conservative calculation,[1] applying the minimum salary that applied as of the salary that applied as of the date of termination for each terminated store manager, the amount in controversy is equal to $2,831,328 [2020: $22,464 (3 store managers * 30 days penalties * $26 per hour * 9.6 hours); 2021: $814,464 (101 store managers * 30 days penalties * $28 per hour * 9.6 hours); 2022:

---

[1] Plaintiffs plead they "often work[ed] ***at least*** ten (10) hours per day. . . ."  Compl. ¶ 2.

$967,680 (112 store managers * 30 days penalties * $30 per hour * 9.6 hours);

2023: $1,026,720 (115 store managers * 30 days penalties * $31 per hour * 9.6 hours)].

37.    In setting forth this calculation, Dollar Tree does not admit that Plaintiffs or any other person are owed any additional wages, that they were not paid all of their final wages upon termination, or that they were not provided accurate, itemized wage statements; or that Dollar Tree is liable to Plaintiffs or any other person in any amount or for any relief.  On the contrary, Dollar Tree denies that it is liable to Plaintiffs or any other person in any amount and for any relief.

## PENALTIES FOR WAGES NOT TIMELY PAID DURING EMPLOYMENT

38.    Under their Fifth Cause of Action, Plaintiffs also assert a claim for statutory penalties under Labor Code section 510 for intentionally and willfully failing to timely pay Plaintiffs and Plaintiffs' Putative Class Members for all wages due to them, within the period required under California Labor Code Section 204.  *See* Compl. ¶¶ 76-81.

39.    The underlying wages that Plaintiffs' allege Dollar Tree failed to pay include, overtime, minimum wages, meal break violations, and rest break violations.  *Id*. at ¶ 80.  Plaintiffs allege that Plaintiffs' Putative Class Members "routinely worked in excess of forty (40) hours per week" and "regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week" and were not paid overtime for these additional hours.  *Id*. at ¶¶ 42, 52.  As to meal break violations, Plaintiffs allege "Defendants intentionally and willfully required Plaintiffs and the other class members" to work during meal periods, take short meal periods, interrupted meal periods, and/or failed to relieve Plaintiffs of all duties during meal periods.  *Id*. at ¶ 62.  As to rest break violations, Plaintiffs allege, in part, that "Defendants routinely required Plaintiffs and the other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked."  *Id*. at ¶ 69.

40.    Labor Code section 210 provides for a statutory penalty of $100 for any initial violation for each failure to pay each employee and $200 for each subsequent violation of each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.  Cal. Lab. Code § 210(a).

41.    Given Plaintiffs' allegations that wage amounts were not "routinely" paid, assuming that just one quarter of pay periods, of the 23,300 pay periods between November 20, 2022 and December 21, 2023 (5,825 pay periods), Dollar Tree failed to pay all wages timely (whether that be on account of overtime, minimum wage, meal break violation, or rest break violation), that results in an amount in controversy total of $582,500, applying the initial violation penalty of $100 for each such alleged failure.

42.    In setting forth this calculation, Dollar Tree does not admit that Plaintiff or any other person were not paid all wages and monies due, are owed any additional wages, that they were not timely paid wages, or that Dollar Tree is liable to Plaintiff or any other person in any amount or for any relief.  On the contrary, Dollar Tree denies that it is liable to Plaintiffs or any other person in any amount and for any relief.

## AMOUNT PLACED IN CONTROVERSY BY PLAINTIFFS' ATTORNEYS' FEES DEMAND

43.    "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (recognizing that attorneys' fees provided by statute are properly included in evaluating the amount in controversy). The Ninth Circuit holds that attorneys' fees are properly included in the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942-943 (9th Cir. 2001).

44.    Reasonable attorneys' fees are recoverable to a plaintiff alleging causes of action related to and including:  (i) the nonpayment of wages, (ii) failure to furnish accurate wage statements, and (iii) unpaid overtime.  *See* Cal. Lab. Code sections 218.5(a), 226(e)(1) and 1194(a).  Plaintiffs plead a claim for attorneys' fees under their first, second, third, eighth, and nine causes of action.  *See* Compl. ¶¶ 9, 15, 22, 47, and 52.  Thus, if Plaintiffs prevail in this action, attorneys' fees could be awarded, and therefore, the District Court should include attorneys' fees in its consideration of the amount in controversy.

45.    For purposes of removal and demonstrating a value of attorneys' fees in this matter, Dollar Tree estimates attorneys' fees of $675,000.  Dollar Tree calculated these attorneys' fees as follows:

a)    On September 6, 2022, Plaintiffs' lead counsel, Karen Gold, Esq., filed a declaration in support of Request for Attorneys' Fees, Expert Fees, and Costs Incurred As A Result of Home Depot's Intentional Concealment of Robert Crandall's Pilot Study in which she declared under penalty of perjury that her bill rate is $750.00. See Declaration of Karen I. Gold, *Utne v. Home Depot U.S.A., Inc.*, U.S.D.C. Case No. 3:16-cv-01854-RS.  Ms. Gold was not the lead counsel in this matter, unlike here, which may indicate that her bill rate as lead counsel would be even higher.  Declaration of Ryan Derry, filed concurrently herewith ("Derry Decl."), ¶ 1.  Accordingly, while Dollar Tree disputes the reasonableness of these rates, Dollar Tree anticipates Plaintiffs' counsel would seek attorneys' fees at least at this hourly rate.

b)    Another attorney from Ms. Gold's prior firm submitted the Declaration of Cody R. Kennedy in Support of Motion for Attorneys Fees, Litigation Expenses, and Class Representative Service Awards in *Utne v. Home Depot U.S.A., Inc.*, U.S.D.C. Case No. 3:16-cv-01854-RS.  This case was also a wage and hour class action in California, and Mr. Kennedy alleged Ms. Gold billed over 900 hours and that her bill rate was $875 per hour.  *See* Derry Decl., ¶ 2.  This case never reached trial and the court approved a settlement.

c)    Thus, even under the most conservative estimations, assuming a similar number of hours billed all the way through trial, Ms. Gold alone would request attorneys' fees of at least $675,000 ($750 per hour * 900 hours).

## **FINAL TOTAL**

46.    As set forth above and based on conservative calculations using just select causes of action from Plaintiffs' Complaint for wage statement penalties, waiting time penalties, and failure to timely pay wages total $2,296,800, $2,831,328, and $582,500, respectively.  This equals $5,710,628.  Adding in a conservative estimate of attorneys' fees of $675,000, the total amount is $6,385,628.

47.    By adding *only three* of Plaintiffs' prayers for statutory penalties and Plaintiffs' prayer for attorneys' fees as set forth above, the amount in controversy clearly exceeds the jurisdictional threshold under CAFA.

48.     Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

DATED:  January 4, 2024

ELENA R. BACA
RYAN D. DERRY
JENNIFER MILAZZO
PAUL HASTINGS LLP


By: _____
                    RYAN D. DERRY

Attorneys for Defendant
DOLLAR TREE STORES, INC.

# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 28123287**
**Date Processed: 12/06/2023**

| | |
|---|---|
| **Primary Contact:** | Essence Oliphant<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | Heather Hunter<br>JJ Jacobson-Allen |

| | |
|---|---|
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc. |
| **Title of Action:** | Corey Micelli vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Corey Micelli vs. Dollar Tree Stores, Inc. (14945460) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Sonoma County Superior Court, CA |
| **Case/Reference No:** | 23CV01630 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 12/06/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Blackstone Law, APC<br>310-622-4278 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>
<p>**NOTICE TO DEFENDANT:**<br>
*(AVISO AL DEMANDADO):*<br>
DOLLAR TREE STORES, INC., a Virginia corporation; and DOES 1 through 25, inclusive</p>
<p>**YOU ARE BEING SUED BY PLAINTIFF:**<br>
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>
COREY MICELI and CHERI PERRY, individually, and on behalf of others similarly situated</p>
</td>
<td>
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*<br><br>
**ELECTRONICALLY FILED**<br>
**Superior Court of California**<br>
**County of Sonoma**<br>
**11/20/2023 6:12 PM**<br>
**By: Taylor Curtis, Deputy Clerk**
</td>
</tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>
The name and address of the court is:<br>
*(El nombre y dirección de la corte es):* Civil and Family Law Courthouse<br><br>
3055 Cleveland Ave., Santa Rosa, CA 95403
</td>
<td>
CASE NUMBER:<br>
*(Número del Caso):* **23CV01630**
</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan M. Genish, Blackstone Law, APC, 8383 Wilshire Blvd., Suite 745, Beverly Hills, CA 90211, (370) 622-4278

<table>
<tr>
<td>DATE: 11/20/2023 6:12 PM<br>*(Fecha)*</td>
<td>Robert Oliver</td>
<td>Clerk, by<br>*(Secretario)*</td>
<td>Taylor Curtis</td>
<td>Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>[SEAL]</td>
<td>
**NOTICE TO THE PERSON SERVED: You are served**<br>
1. ☐ as an individual defendant.<br>
2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>
3. ☒ on behalf of *(specify):* DOLLAR TREE STORES, INC., a Virginia corporation<br>
under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)<br>
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>
      ☐ other *(specify):*<br>
4. ☐ by personal delivery on *(date):*
</td>
</tr>
</table>

Page 1 of 1

Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Jonathan M. Genish (State Bar No. 259031)
jgenish@blackstonepc.com
Karen I. Gold (State Bar No. 258360)
kgold@blackstonepc.com
Marissa A. Mayhood (State Bar No. 334376)
mmayhood@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278/ Fax: (855) 786-6356

Attorneys for Plaintiffs
COREY MICELI and CHERI PERRY, individually,
and on behalf of others similarly situated

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**11/20/2023 6:12 PM**
**By: Taylor Curtis, Deputy Clerk**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SONOMA

COREY MICELI and CHERI PERRY,
individually, and on behalf of others similarly
situated,

                    Plaintiffs,

          vs.

DOLLAR TREE STORES, INC., a Virginia
corporation; and DOES 1 through 25, inclusive,

                    Defendants.

Case No.: 23CV01630

**CLASS ACTION COMPLAINT FOR:**

(1) **Violation of Cal. Labor Code §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages)**

(2) **Violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime)**

(3) **Violation of Cal. Labor Code §§ 226.7 and 512(a) (Meal Break Violations)**

(4) **Violation of Cal. Labor Code § 226.7 (Rest Break Violations)**

(5) **Violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment)**

(6) **Violation of Cal. Labor Code § 226(a) (Failure to Provide Accurate Wage Statements)**

(7) **Violation of Cal. Labor Code §§ 201, 202 and 203 (Untimely Final Wages)**

(8) **Violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses)**

(9) **Violation of Cal. Business & Professions Code § 17200, *et seq.***

**DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT**

Plaintiff COREY MICELI and CHERI PERRY ("Plaintiffs"), individually, and on behalf of others similarly situated, allege as follows against Defendants DOLLAR TREE STORES, INC. ("Dollar Tree") and DOES 1 through 25, inclusive ("Defendants"):

### INTRODUCTION

1.    Plaintiffs bring this action against Defendants for engaging in a uniform policy and systematic scheme of wage abuse against their salaried California in-store employees who worked for Defendants under the title that included the term "manager" and/or any similar terminology seeking to attribute to such employees the authority to exercise independent judgment, when in reality these employees were not permitted or authorized to exercise independent judgment while working for Defendants, and spent more than 50% of their time performing non-managerial, non-administrative, non-executive, and non-professional duties.

2.    These employees often performed many of the same tasks as Defendants' non-exempt employees such as working as cashiers, stocking the shelves, opening and closing the store, walking the store, marking down items, and receiving deliveries. Plaintiffs and similarly situated employees were required to work "until the job was done," regardless of the amount of time it took. This resulted in them others often working *at least* ten (10) hours per day, five (5) days per week, and the first Saturday of each month without guaranteed meal or rest breaks, without guaranteed minimum wages, and without being paid overtime or meal and rest break premiums.

3.    By manipulating the titles given to these employees and labeling them as salaried exempt employees, Defendants misclassified them as exempt from certain provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, which resulted in Defendants failing to pay Plaintiffs and those similarly situated all wages due to them. Said illegal employment policies, practices and procedures are generally described as follows:

    a.   Failure to pay minimum wages;

    b.   Failure to pay overtime wages;

    c.   Failure to provide compliant meal breaks;

    d.   Failure to pay meal break premiums for missed meal periods;

**CLASS ACTION COMPLAINT FOR DAMAGES**

1          e.   Failure to provide compliant rest breaks;

2          f.   Failure to pay rest break premiums for missed rest break periods;

3          g.   Failure to provide accurate itemized wage statements;

4          h.   Failure to timely pay all wages due while employed;

5          i.   Failure to timely pay all wages due upon termination; and

6          j.   Failure to reimburse for all necessary expenses incurred to perform their jobs.

7     4.    Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in and continue to engage in a system of willful violations of the California Labor Code, California Business and Professions Code, and applicable IWC Wage Order by creating and maintaining policies, practices, procedures and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5.    This is a class action is brought pursuant to California Code of Civil Procedure § 382.

6.    The monetary damages, restitution, statutory penalties, and other applicable legal and equitable relief sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

7.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10. The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.    This Court has jurisdiction over all Defendants because, upon information and belief, Defendants are either citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice. Further, no federal question is at issue because the claims asserted herein are based solely on California law.

9.    Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Sonoma. Many of the acts, events, and violations alleged herein relating to Plaintiff occurred in the State of California, County of Sonoma.

**THE PARTIES**

1  10.     At all times herein mentioned, Plaintiff COREY MICELI was a resident of Los Angeles County in the State of California.

11.     At all times herein mentioned, Plaintiff CHERI PERRY was a resident of Sonoma County in the State of California.

12.     At all times herein mentioned, Defendant DOLLAR TREE STORES, INC., was and is, an employer who does business throughout the state of California, with stores located throughout the state of California, and whose employees are engaged throughout this county and the State of California.

13.     Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

14.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, DOLLAR TREE STORES, INC., and/or DOES 1 through 25, each acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-Defendants and within the course and scope of such agency, employment, joint venture, or concerted activity with legal authority to act on the others' behalf. The acts of any and all Defendants represent and were in accordance with Defendants' official policy.

15.     At all relevant times, Defendants were the employers of Plaintiffs within the meaning of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiffs so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

16.     Defendants had the authority to hire and terminate Plaintiffs and other class members, to set work rules and conditions governing Plaintiffs and other class members' employment, and to supervise their daily employment activities.

17.     Defendants exercised sufficient authority over the terms and conditions of Plaintiffs and other class members' employment for them to be joint employers of Plaintiffs and other class

1    members.

2         18.    Defendants directly hired and paid wages and benefits to Plaintiffs and other class

3    members.

4         19.    Defendants continue to employ misclassified employees within the State of California.

5         20.    At all relevant times, Defendants, and each of them, ratified each and every act or

6    omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted

7    the acts and omissions of each and all the other Defendants in proximately causing the damages herein

8    alleged.

9         21.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is

10   in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,

11   occurrences, and transactions alleged herein.

12                              **GENERAL ALLEGATIONS**

13        22.    Plaintiff COREY MICELLI worked for Defendants from approximately June 2021

14   through the present as a cashier, operations manager, merchandise manager, temporary store manager

15   and then store manager. Since October of 2022, he has held the title of "store manager" at Defendants'

16   Inglewood and Hawthorne, California locations.

17        23.    Plaintiff CHERI PERRY worked for Defendants from approximately March 2017

18   through approximately June 2021 as a stocker and then store manager. She held the title of "store

19   manager" at Defendants' Petaluma and Santa Rosa, California locations.

20        24.    When Defendants promoted Plaintiffs to so-called "management" positions,

21   Defendants changed their classifications from hourly non-exempt employees to salaried exempt

22   employees, but their daily duties and responsibilities were largely the same as those of Defendants'

23   hourly non-exempt employees. For example, under their management titles Plaintiffs routinely worked

24   as cashiers, stocked the shelves, opened and closed the stores, walked the stores, marked down

25   inventory, and received deliveries. These employees were not permitted to exercise independent

26   judgment in performing their jobs, and they spent far less than 50% of their time performing tasks that

27   were managerial in nature. They therefore should have been classified as non-exempt employees.

28   ///

25.  Defendants routinely required Plaintiffs to work at least ten (10) hours per day, five (5) days per week, and the first Saturday of each month, without providing them with compliant meal and/or rest breaks, without paying them meal and/or rest break penalties, and without ensuring they were properly compensated minimum wages and/or overtime wages.

26.  Defendants' failure properly compensate these employees resulted in additional violations of the California Labor Code and the applicable Industrial Welfare Commission Wage Order including, *inter alia*, the failure to timely pay wages during employment and upon termination of employment, and the failure to provide accurate wage statements. Defendants also failed to reimburse Plaintiffs and those similarly situated necessary business-related expenses and further failed to adhere to other related protections afforded by the California Labor Code and the applicable Industrial Welfare Commission Wage Order.

27.  Plaintiffs are informed and believe, and thereon allege that Defendants intentionally and knowingly engaged in this pattern and practice of wage abuse against their salaried California managers by misclassifying them as exempt employees to increase Defendants' profits.

## CLASS ACTION ALLEGATIONS

28.  Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements under California Code of Civil Procedure § 382.

29.  The proposed ***Class*** is defined as follows:

> **All current and former salaried employees whom Defendants classified as exempt and who worked for Defendants in the State of California at one or more of Defendants' retail locations at any time during the period from four years prior to the date of the filing of this Complaint until final judgment ("*Class Period*"), excluding any members of Defendants' executive leadership teams and/or their Board of Directors.**

30.    The proposed "*Former Employee Sub-class*" is defined as follows:

**All Class members whose employment with Defendants ended either permanently or temporarily during the Class Period.**

31.    Plaintiffs reserve the right to establish additional subclasses as appropriate.

32.    There is a well-defined community of interest in the litigation and the Class is easily ascertainable.

33.    The Class is so numerous that the individual joinder of all its members is impracticable. While the exact number and identities of class members are unknown to Plaintiffs at this time, the exact numbers of class members and their identities can be ascertained through appropriate discovery from records maintained by Defendants and their agents.

34.    Common questions of fact and law exist as to all class members, which predominate over any questions affecting only individual members of the Class. The common legal and factual questions which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member include, but are not limited to, the following:

   i.    Whether Defendants had a policy and practice of misclassifying Plaintiffs and other class members as "non-exempt" employees;

   ii.    Whether Defendants had a policy and practice of failing to pay minimum wages to Plaintiffs and other class members for all hours worked;

   iii.    Whether Defendants had a policy and practice of failing to pay overtime wages to Plaintiffs and other class members for all overtime hours worked;

   iv.    Whether Defendants had a policy and practice of failing to provide meal periods to Plaintiffs and other class members;

   v.    Whether Defendants had a policy and practice of failing to provide rest periods to Plaintiffs and other class members;

   vi.    Whether Defendants failed to timely pay their hourly-paid and/or non-exempt employees in the State of California for all hours worked, and for all missed, short, late,

and/or interrupted meal periods and rest periods;

vii.   Whether Defendants failed to timely pay all wages due to Plaintiffs and other class members during their employment;

viii.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

ix.   Whether Defendants failed to pay all wages due to Plaintiffs and the other class members within the required time upon their discharge or resignation;

x.    Whether Defendants failed to comply with wage reporting as required by the California Labor Code; including, *inter alia*, § 226;

xi.   Whether Defendants failed to reimburse Plaintiffs and other class members for necessary business-related expenses and costs;

xii.  Whether Defendants' conduct was willful or reckless;

xiii. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*;

xiv.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xv.   Whether Plaintiffs and other class members are entitled to compensatory damages pursuant to the California Labor Code.

35.   Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs' interests are coincident with and not antagonistic to those of the other Class members Plaintiffs seek to represent. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

36.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all class members is impracticable. Even if every class member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or

1  contradictory judgments and would magnify the delay and expense to all parties and to the court

2  system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of

3  this action as a class action, with respect to some or all of the issues presented in this Complaint,

4  presents fewer management difficulties, conserves the resources of the parties and of the court system,

5  and protects the rights of each class member.

6      37.    Certification of this lawsuit as a class action will advance public policy objectives.

7  Employers of this great state violate employment and labor laws every day. Current employees are

8  often afraid to assert their rights out of fear of direct or indirect retaliation. However, class

9  actions provide the Class members who are not named in the complaint anonymity that allows for the

10  vindication of their rights.

11                          **FIRST CAUSE OF ACTION**

12              **VIOLATION OF LABOR CODE §§ 1194, 1197, AND 1197.1**

13                          **Failure to Pay Minimum Wage**

14                          **(Against All Defendants)**

15      38.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the

16  allegations in all preceding paragraphs.

17      39.    Plaintiffs and other class members were not paid the appropriate minimum wage for all

18  of the hours they worked. Plaintiffs and other class members were not paid the minimum wage for

19  work performed beyond their scheduled shifts, and the wages paid to them were not sufficient to

20  compensate them for all hours they worked at a minimum wage rate on a cumulative basis.

21      40.    California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage

22  for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to

23  employees, and the payment of a wage less than the minimum so fixed is unlawful.

24      41.    Plaintiffs and class members' salaries compensated them for up to forty (40) hours of

25  work per week. Any work performed in excess of forty (40) hours per week was therefore

26  uncompensated.

27      42.    Plaintiffs and class members routinely worked in excess of forty (40) hours per week

28  but were never paid for working these additional hours.

43.     Defendants also failed to accurately record the actual time worked by Plaintiffs and other class members.

44.     Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiffs and the other class members for all hours they worked in violation of California Labor Code sections 1194, 1197, and 1197.1.

45.     Defendants knew or should have known that Plaintiffs and class members were not receiving minimum wage for all hours worked because, among other things, Defendants did not encourage or require Plaintiffs and class members to record their hours worked and often required them to perform work outside of their scheduled shifts.

46.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, and attorney's fees.

47.     Pursuant to California Labor Code § 1194.2, Plaintiffs and other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 510 AND 1198

**Unpaid Overtime**

**(Against All Defendants and DOES 1 – 25)**

48.     Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

49.     California Labor Code § 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

50.     Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiffs and other class members at the rate of time-and-one-half for all hours worked in

excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

51.    The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiffs and other class members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

52.    Plaintiffs and other class members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week. However, Defendants did not record Plaintiffs and other class members' actual hours worked including overtime hours and intentionally and willfully failed to pay all overtime wages owed to Plaintiffs and other class members.

53.    Defendants' failure to pay Plaintiffs and the other class members as outlined above violates California Labor Code sections 510 and 1198 and the applicable Wage Order and is therefore unlawful.

54.    Pursuant to California Labor Code § 1194, Plaintiffs and other class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND 512

### Failure to Provide Meal Periods

### (Against All Defendants and DOES 1 – 25)

55.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

56.    California Labor Code §§ 226.7 and 512(a) and the applicable IWC Wage Order(s) govern Plaintiffs and the other class members' employment by Defendants.

57.    California Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable IWC Order.

58.    The applicable IWC Wage Order and California Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal

period may be waived by mutual consent of both the employer and the employee.

59.    The applicable IWC Wage Order and California Labor Code § 512(a) further provides that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60.    Plaintiffs and the other class members who were scheduled to work for shifts between five (5) and six (6) hours in length, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

61.    Plaintiffs and the other class members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

62.    Defendants intentionally and willfully required Plaintiffs and the other class members to work during meal periods and failed to compensate Plaintiffs and the other class members for work performed during meal periods. This includes, among other things, requiring Plaintiffs and class members to work through their lunch breaks, permitting and/or requiring Plaintiffs and class members to take late lunch breaks, permitting and/or requiring Plaintiffs and class members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiffs and class members during their lunch breaks, and failing to relieve Plaintiffs and class members of all duties during their lunch breaks.

63.    During the relevant time period, Defendants intentionally and willfully required Plaintiffs and other class members to work during meal periods and failed to compensate Plaintiffs and other class members for work performed during meal periods because Defendants intentionally and willfully misclassified them.

64.    During the relevant time period, Defendants failed to pay Plaintiffs and the other class members meal period premiums due pursuant to California Labor Code § 226.7 and 512 and applicable

1    IWC Wage Order(s).

2        65.    Defendants' conduct therefore violates the applicable IWC Wage Order, and California

3    Labor Code sections 226.7 and 512(a).

4        66.    Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

5    Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of

6    pay at their regular rate of compensation for each workday that a meal period was not provided.

7                            **FOURTH CAUSE OF ACTION**

8                        **VIOLATION OF LABOR CODE § 226.7**

9                            **Failure to Provide Rest Periods**

10                       **(Against All Defendants and DOES 1 – 25)**

11        67.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the

12    allegations in all preceding paragraphs.

13        68.    California Labor Code section 226.7 and the applicable IWC Wage Order govern

14    Plaintiffs and the other class members' employment by Defendants. California Labor Code section

15    226.7 provides that no employer shall require an employee to work during any rest period mandated

16    by an applicable order of the California IWC. The applicable IWC Wage Order provides that "[e]very

17    employer shall authorize and permit all employees to take rest periods, which insofar as practicable

18    shall be in the middle of each work period" and that the "rest period time shall be based on the total

19    hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

20    thereof" unless the total daily work time is less than three and one-half (3½) hours."

21        69.    Defendants routinely required Plaintiffs and the other class members to work three and

22    one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period

23    per each four (4) hour period, or major fraction thereof, worked.

24        70.    Moreover, Defendants willfully required, suffered and permitted Plaintiffs and the

25    other class members to work during what should have been their rest periods. Defendants also failed

26    to relieve Plaintiffs and the other class members of all duties for ten (10) minutes as required for

27    compliant rest breaks.

28    ///

12

**CLASS ACTION COMPLAINT**

71.    As a result, Plaintiffs worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

72.    Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiffs and the other class members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

73.    Defendants had no policy and/or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus failed to pay Plaintiffs and other class members the full rest period premium due in violation of California Labor Code § 226.7 and the applicable IWC Wage Orders.

74.    Defendants' conduct violates the applicable IWC Wage Orders and California Labor Code § 226.7.

75.    Pursuant to the applicable IWC Wage Orders and California Labor Code § 226.7(c), Plaintiffs and other Class members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday that a rest period was not provided.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE §§ 204 AND 210

### Failure to Timely Pay Wages During Employment

### (Against All Defendants and DOES 1 – 25)

76.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

77.    California Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

78.    California Labor Code § 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of

1   the following month.

2       79.     California Labor Code § 204 provides that all wages earned for labor in excess of the

3   normal work period shall be paid no later than the payday for the next regular payroll period.

4       80.     As a result of the violations set forth in detail above (failure to pay overtime, failure to

5   pay minimum wages, meal break violations and rest break violations), Defendants intentionally and

6   willfully failed to timely pay Plaintiffs and other class members all wages due to them, within the

7   period permissible under California Labor Code section 204.

8       81.     Plaintiffs and other class members are entitled to recover all available remedies for

9   Defendant's violations of California Labor Code § 204, including statutory penalties pursuant to Labor

10  Code § 210(b).

11                    **SIXTH CAUSE OF ACTION**

12                **VIOLATION OF LABOR CODE § 226(a)**

13              **Failure to Provide Accurate Wage Statements**

14              **(Against All Defendants and DOES 1 – 25)**

15      82.     Plaintiffs incorporate herein by specific reference, as though fully set forth, the

16  allegations in all preceding paragraphs.

17      83.     At all material times set forth herein, California Labor Code § 226(a) provides that

18  every employer shall furnish each of its employees an accurate itemized wage statement in writing,

19  including, but not limited to, the name and address of the legal entity that is the employer, total hours

20  worked, and all applicable hourly rates.

21      84.     As a result of the violations set forth in detail above (failure to pay overtime, failure to

22  pay minimum wages, meal break violations and rest break violations), Defendants intentionally and

23  willfully failed to provide Plaintiffs and the other class members with complete and accurate wage

24  statements. The deficiencies include, among other things, the failure to state all hours worked, the

25  failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and

26  the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code

27  226(a).

28  ///

85.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiffs and other class members have suffered injury and damage to their statutorily protected rights.

86.    Specifically, Plaintiffs and other class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code § 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiffs and other class members been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiffs and other class members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiffs' ability to demand and recover the underpayment of wages from Defendants.

87.    Plaintiffs and other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

### SEVENTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 201, 202, AND 203

### Final Wages Not Timely Paid

### (Against All Defendants and DOES 1 – 25)

88.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

89.    Pursuant to California Labor Code §§ 201, 202, and 203, Defendants are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code § 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72)

1    hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention

2    to quit, in which case the employee is entitled to his or her wages at the time of quitting.

3        90.    California Labor Code § 203 provides that if an employer willfully fails to pay, in

4    accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged

5    or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the

6    same rate until paid or until an action therefore is commenced; but the wages shall not continue for

7    more than thirty (30) days.

8        91.    As a result of the violations set forth in detail above (failure to pay overtime, failure to

9    pay minimum wages, meal break violations and rest break violations and unused accrued vacation

10   pay), at the time that Plaintiffs and the other class members' employment with Defendants ended,

11   Defendants knowingly and willfully failed to pay Plaintiffs and the other class members all wages

12   owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation,

13   overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and

14   all wages due to Plaintiffs and class members as they became due, as required per California Labor

15   Code sections 204.

16       92.    As a result of the violations set forth in detail above (failure to pay overtime, failure to

17   pay minimum wages, meal break violations and rest break violations and unused accrued vacation

18   pay), at the time that Plaintiffs and the other class members' employment with Defendants ended,

19   Defendants knowingly and willfully failed to pay Plaintiffs and the other class members all wages

20   owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation,

21   overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and

22   all wages due to Plaintiffs and class members as they became due, as required per California Labor

23   Code sections 204.

24       93.    As a result, Plaintiffs and other class members are entitled to all available

25   statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

26   together with interest thereon, as well as other available remedies.

27   ///

28   ///

**CLASS ACTION COMPLAINT**

## EIGHTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 2800 AND 2802

### Failure to Reimburse Necessary Business Expenses

### (Against All Defendants and DOES 1 – 25)

94.    Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

95.    Pursuant to California Labor Code §§ 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

96.    Plaintiffs and other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants. Defendants allowed Plaintiffs and other class members to make expenditures, including, but not limited to, the usage of personal cell phones for work-related purposes, gas and mileage expenses, and dress code compliant clothing.

97.    Defendants intentionally and willfully failed to reimburse Plaintiffs and other class members for all necessary business-related expenses and costs. Plaintiffs and other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of her employment, plus interest accrued from the date on which Plaintiffs and other class members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

98.    Plaintiffs and other class members have been damaged in an amount according to proof at the time of trial, and are entitled to recovery of such amounts, plus penalties, interest, attorneys' fees, expenses and costs.

///

///

///

///

///

**NINTH CAUSE OF ACTION**

**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET. SEQ*.**

**Unfair and Unlawful Business Practices**

**(Against All Defendants and DOES 1 – 25)**

99.     Plaintiffs incorporate herein by specific reference, as though fully set forth, the allegations in all preceding paragraphs.

100.    Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to Defendant's failure and refusal to pay overtime compensation, Defendant's failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods, Defendants' failure and refusal to provide required rest periods, Defendants' failure to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' refusal to provide one day's rest in seven, Defendants' failure and refusal to reimburse business-related expenses, and Defendants' failure to timely pay wages upon termination constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq*.

101.    Defendants' violations of California wage and hour laws constitute an unfair and unlawful business practice because Defendants' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiffs and other Class members.

102.    Defendants have avoided payment of overtime wages (including overtime wages required for requiring Plaintiffs and other class members to work on the seventh day in a row), minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

103.    As a result of Defendants' unfair and unlawful business practices, Defendants have

1  reaped unfair and illegal profits during Plaintiffs and other class members' tenure at the expense of

2  Plaintiff, other class members, and members of the public. Defendants should be made to disgorge its

3  ill-gotten gains and to restore them to Plaintiffs and other class members.

4       104.   Defendants' unfair and unlawful business practices entitle Plaintiffs and other class

5  members to seek preliminary and permanent injunctive relief, including but not limited to orders that

6  Defendants account for, disgorge, and restore to Plaintiffs and other class members the wages and

7  other compensation unlawfully withheld from them. Plaintiffs and other class members are entitled to

8  restitution of all monies to be disgorged from Defendants in an amount according to proof at the time

9  of trial.

10  <center>**DEMAND FOR JURY TRIAL**</center>

11      Plaintiffs hereby demand a jury trial with respect to all issues triable of right by jury.

12  <center>**PRAYER FOR RELIEF**</center>

13      Plaintiffs, individually, and on behalf of all others similarly situated, pray for relief and

14  judgment against Defendants, jointly and severally, as follows:

15  <center>**Class Certification**</center>

16      1.    That this action be certified as a class action;

17      2.    That Plaintiffs be appointed as the representatives of the Class;

18      3.    That counsel for Plaintiffs be appointed as Class Counsel; and

19      4.    That Defendants provide to Class Counsel immediately the names and most current/last

20  known contact information (address, e-mail and telephone numbers) of all class members.

21  <center>**As to the First Cause of Action**</center>

22      5.    That the Court declare, adjudge and decree that Defendants violated California Labor

23  Code §§ 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and the other

24  Class members;

25      6.    For general unpaid wages and such general and special damages as may be appropriate;

26      7.    For statutory wage penalties pursuant to California Labor Code § 1197.1 for Plaintiffs

27  and the other class members in the amount as may be established according to proof at trial;

28      8.    For pre-judgment interest on any unpaid compensation from the date such amounts

1  were due;

2      9.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

3  Labor Code § 1194(a);

4      10.     For liquidated damages pursuant to California Labor Code § 1194.2;

5      11.     For such other and further relief as the Court may deem just and proper.

6                          **As to the Second Cause of Action**

7      12.     That the Court declare, adjudge and decree that Defendants violated California Labor

8  Code §§ 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime

9  wages due to Plaintiffs and the other class members;

10     13.     For general unpaid wages at overtime wage rates and such general and special damages

11 as may be appropriate;

12     14.     For pre-judgment interest on any unpaid overtime compensation commencing from the

13 date such amounts were due;

14     15.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

15 Labor Code § 1194;

16     16.     For such other and further relief as the Court may deem just and proper.

17                          **As to the Third Cause of Action**

18     17.     That the Court declare, adjudge and decree that Defendants violated California Labor

19 Code §§ 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal

20 periods, (including second meal periods) to Plaintiffs and the other class members;

21     18.     That the Court make an award to Plaintiffs and the other class members of one (1) hour

22 of pay at each employee's regular rate of compensation for each workday that a meal period was not

23 provided;

24     19.     For all actual, consequential, and incidental losses and damages, according to proof;

25     20.     For premium wages pursuant to California Labor Code § 226.7(c);

26     21.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

27     22.     For reasonable attorneys' fees and costs of suit incurred herein;

28     23.     For such other and further relief as the Court may deem just and proper.

**CLASS ACTION COMPLAINT**

### As to the Fourth Cause of Action

24.    That the Court declare, adjudge and decree that Defendants violated California Labor Code § 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

25.    That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

26.    For all actual, consequential, and incidental losses and damages, according to proof;

27.    For premium wages pursuant to California Labor Code § 226.7(c);

28.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

29.    For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.    That the Court declare, adjudge and decree that Defendants violated California Labor Code § 204 by willfully failing to pay all compensation owed at the time required by California Labor Code § 204 to Plaintiffs and the class members;

31.    For statutory penalties pursuant to California Labor Code § 210;

32.    For such other and further relief as the Court deems just and proper.

### As to the Sixth Cause of Action

33.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code § 226(a) and applicable IWC Wage Orders as to Plaintiffs and the other Class members, and willfully failed to provide accurate itemized wage statements thereto;

34.    For actual, consequential and incidental losses and damages, according to proof;

35.    For statutory penalties pursuant to California Labor Code § 226(e);

36.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code § 226(g);

37.    For such other and further relief as the Court may deem just and proper.

///

///

## As to the Seventh Cause of Action

38.     That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs and the other class members no longer employed by Defendants;

39.     For all actual, consequential, and incidental losses and damages, according to proof;

40.     For statutory wage penalties pursuant to California Labor Code § 203 for Plaintiffs and the other class members who have left Defendants' employ;

41.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

42.     For such other and further relief as the Court may deem just and proper.

## As to the Eighth Cause of Action

43.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code §§ 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code §§ 2800 and 2802;

44.     For actual, consequential and incidental losses and damages, according to proof;

45.     For the imposition of civil penalties and/or statutory penalties;

46.     For punitive damages and/or exemplary damages according to proof at trial;

47.     For reasonable attorneys' fees and costs of suit incurred herein; and

48.     For such other and further relief as the Court may deem just and proper.

## As to the Ninth Cause of Action

49.     That the Court declare, adjudge and decree that Defendants violated the following California Labor Code sections as to Plaintiffs and the other Class members: 510 and 1198 (by failing to pay overtime wages); 1194, 1197, and 1197.1 (by failing to pay minimum wages); 226.7 and 512(a) (by failing to provide meal and rest periods or compensation in lieu thereof); 204 (by failing to timely pay wages during employment); 551, 552, and 852 (by failing to provide one day's rest in seven); 226(a) (by failing to provide accurate wage statements); and 201, 202, and 203 (by failing to pay all

**CLASS ACTION COMPLAINT**

1  wages owed upon termination); and 2800 and 2802 (by failing to reimburse business-related

2  expenses);

3       50.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-

4  judgment interest from the day such amounts were due and payable;

5       51.     For the appointment of a receiver to receive, manage and distribute any and all funds

6  disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

7  result of violation of California Business and Professions Code §§ 17200, *et seq*.;

8       52.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

9  Code of Civil Procedure § 1021.5; and

10       53.     For injunctive relief to ensure compliance with this section, pursuant to California

11  Business and Professions Code §§ 17200, *et seq*.

12

13  DATED: November 20, 2023              **BLACKSTONE LAW, APC**

14

15                                  By:

16                                       Jonathan M. Genish, Esq.

17                                     Karen I. Gold, Esq.
                                   Marissa A. Mayhood, Esq.

18                                     Attorneys for Plaintiffs COREY MICELI and

19                                     CHERI PERRY, individually and on behalf of
                                   others similarly situated

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan M. Genish (SBN 259031); Karen I. Gold (SBN 258360); Marissa A. Mayhood (SBN 334376)
Blackstone Law, APC
8383 Wilshire Blvd., Suite 745, Beverly Hills, CA 90211

TELEPHONE NO.: (310) 622-4278    FAX NO. *(Optional):* (855) 786-6356
E-MAIL ADDRESS: kgold@blackstonepc.com, mmayhood@blackstonepc.com
ATTORNEY FOR *(Name):* Plaintiffs COREY MICELI and CHERI PERRY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 3055 Cleveland Ave.
MAILING ADDRESS: 3055 Cleveland Ave.
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME: Civil and Family Law Courthouse

CASE NAME:
Miceli and Perry v. Dollar Tree Stores, Inc., a Virginia corporation, et al.

**ELECTRONICALLY FILED**
Superior Court of California
County of Sonoma
11/20/2023 6:12 PM
By: Taylor Curtis, Deputy Clerk

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: 23CV01630 |
|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [x] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 20, 2023

Jonathan M. Genish
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

GZJ KDKV'E

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL AND FAMILY LAW COURTHOUSE**<br>**CIVIL DIVISION**<br>3055 CLEVELAND AVE.<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6510<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**F I L E D**<br>12/1/2023<br>Superior Court of California<br>County of Sonoma<br><br>By: _Taylor Curtis_<br>Taylor Curtis. Deputy Clerk |
| **MICELI vs DOLLAR TREE STORES, INC.,** | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br><br>23CV01630 |

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. PATRICK BRODERICK FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

| | | |
|---|---|---|
| Date: Tuesday, 04/16/2024 | Time: 3:00 PM | Courtroom 16 |
| Location: 3035 Cleveland Avenue, Santa Rosa. CA 95403 | | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6606 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County. The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| SAVE MONEY | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| SAVE TIME | Instant service of your documents on all parties |
| SAVE SPACE | With 24/7 internet access to all documents, you do not need to house paper copies |
| GAIN CERTAINTY | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org. The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

*Note: Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments. The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov. On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

# EXHIBIT D

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jonathan Genish | SBN: 259031<br>BLACKSTONE PC<br>8383 Wilshire Blvd Ste 745    Beverly Hills, CA 902112442<br><br>TELEPHONE NO.: (310) 971-9450 | FAX NO. | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: COREY MICELI and CHERI PERRY | *FOR COURT USE ONLY*<br><br>ELECTRONICALLY FILED<br>Superior Court of California<br>County of Sonoma<br>12/7/2023 1:17 PM<br>By: Travis Lyman, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**

STREET ADDRESS: 3055 CLEVELAND AVENUE SUITE 200

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ROSA, CA 95403

BRANCH NAME: SANTA ROSA

| PLAINTIFF:  COREY MICELI and CHERI PERRY | CASE NUMBER: |
| DEFENDANT:  DOLLAR TREE STORES, INC., ET AL. | 23CV01630 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>COREY MICELI and CHERI PERRY |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES, NOTICE OF CASE MANAGEMENT CONFERENCE, and ORDER TO SHOW CAUSE

3. a.  Party served *(specify name of party as shown on documents served)*:
   **DOLLAR TREE STORES, INC., a Virginia corporation**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **NICOLE STAUSS ON BEHALF OF CSC - LAWYERS INCORPORATING SERVICE - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served:  **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**

5. I served the party *(check proper box)*

   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 12/6/2023    (2) at *(time)*: **1:39 PM**
   **Age: 26-30 Weight: 281-300 Hair: Black Sex: Female Height: 5'7-6'0 Eyes: Brown Race: African American**

   b. ☐  **by substituted service.**  On *(date)*:  at *(time)*:  I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3b)*:

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him or her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date)*:  from *(city)*:            **or** ☐ a declaration of mailing is attached.

   (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/793053 |

| PETITIONER: COREY MICELI and CHERI PERRY | CASE NUMBER: |
|---|---|
| RESPONDENT: DOLLAR TREE STORES, INC., ET AL. | 23CV01630 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*       (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of: **DOLLAR TREE STORES, INC., a Virginia corporation**
   under the following Code of Civil Procedure section:

   ☑ 416.10 (corporation)        ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)         ☐ 415.46 (occupant)
                            ☐ other:

7. **Person who served papers**

   a. Name: **Krystalyn Souza - Steno Agency, Inc.**

   b. Address: **315 West 9th Street  Los Angeles, CA 90015**

   c. Telephone number: **(213) 516-4166**

   d. **The fee** for service was: $

   e. I am:

     (1) ☐ not a registered California process server.

     (2) ☑ exempt from registration under Business and Professions Code section 22350(b).

     (3) ☑ registered California process server:

        (i) ☐ owner  ☐ employee  ☑ independent contractor.

        (ii) Registration No.: **PS-047**

        (iii) County: **YUBA**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **12/6/2023**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

_____
**Krystalyn Souza**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)   ▶    (SIGNATURE)

GZJ KDKV'G

1   ELENA R. BACA (SB# 160564)
    elenabaca@paulhastings.com
2   JENNIFER MILAZZO (SB# 318356)
    jennifermilazzo@paulhastings.com
3   PAUL HASTINGS LLP
    515 South Flower Street, 25th Floor
4   Los Angeles, CA 90071
    Telephone: (213) 683-6000
5   Facsimile: (213) 627-0705

6   RYAN D. DERRY (SB# 244337)
    ryanderry@paulhastings.com
7   PAUL HASTINGS LLP
    101 California Street, 48th Floor
8   San Francisco, CA 94111
    Telephone: (415) 856-7000
9   Facsimile: (415) 856-7100

10  Attorneys for Defendant
    DOLLAR TREE STORES, INC.

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                          COUNTY OF SONOMA

14

15  COREY MICELI AND CHERI PERRY,          Case No. 23CV01630
    individually, and on behalf of all others similarly
16  situated,                              **DEFENDANT DOLLAR TREE
                                           STORES, INC.'S ANSWER TO
17              Plaintiffs,                 PLAINTIFFS' UNVERIFIED
                                           COMPLAINT**
18       vs.
                                           Judge:      Hon. Patrick Broderick
19  DOLLAR TREE STORES, INC., a Virginia   Courtroom:  16
    corporation; and DOES 1 through 25, inclusive,
20                                         Complaint Filed:   November 20, 2023
                Defendants.                Trial Date:        None set
21

22

23

24

25

26

27

28

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

Defendant DOLLAR TREE STORES, INC. ("Defendant" or "Dollar Tree"), for itself alone and no other defendant, hereby answers the unverified Complaint ("Complaint") of Plaintiffs COREY MICELI and CHERI PERRY (collectively, "Plaintiffs") as follows:

## **GENERAL DENIAL**

1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in Plaintiffs' Complaint.

2.      Defendant further denies, generally and specifically, that Plaintiffs are entitled to the relief requested, or that Plaintiffs have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees.

## **DEFENSES**

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

1.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every alleged cause of action therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.      As a separate and distinct affirmative defense, the Complaint, and each of its causes of action, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Code of Civil Procedure sections 338(a), 340(a) and 343; Labor Code section 203(b); and California Business and Professions Code section 17208.

1

<div align="center">THIRD AFFIRMATIVE DEFENSE</div>

2      3.      As a separate and distinct affirmative defense, Defendant alleges that the Court

3  lacks jurisdiction over the claims alleged in Plaintiffs' Complaint to the extent that Plaintiffs are

4  subject to an arbitration agreement, subject to and protected by the preemptive force of the

5  Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, requiring the individual arbitration of those claims.

6

7

<div align="center">FOURTH AFFIRMATIVE DEFENSE</div>

8      4.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are

9  not entitled to payment of overtime premiums to the extent that they were or are exempt from

10  overtime requirements under the executive, administrative, or combination exemptions pursuant

11  to, but not limited to, the California Labor Code and the provisions of the California Industrial

12  Welfare Commission Wage Orders.

13

14

<div align="center">FIFTH AFFIRMATIVE DEFENSE</div>

15      5.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are

16  not entitled to mandatory meal periods or rest breaks under California law, nor are they entitled to

17  recover premium pay under California law for allegedly missed meal periods or rest breaks, to the

18  extent that they were or are exempt from meal period requirements pursuant to, but not limited to,

19  the California Labor Code and the provisions of the California Industrial Welfare Commission

20  Wage Orders.

21

22

<div align="center">SIXTH AFFIRMATIVE DEFENSE</div>

23      6.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are

24  not entitled to wage statements reflecting total hours worked, nor are they entitled to recover

25  penalties for Defendant's alleged failure to provide them with wage statements reflecting total

26  hours worked, to the extent that they were or are exempt from overtime pursuant to, but not

27  limited to, the California Labor Code and the provisions of the California Industrial Welfare

28  Commission Wage Orders.

1

<div align="center">SEVENTH AFFIRMATIVE DEFENSE</div>

2          7.       As a separate and distinct affirmative defense, Defendant alleges failure of

3    Plaintiffs to meet the criteria for the administrative or executive exemptions, including the

4    requirement that they spend 50% or more of their time performing exempt duties, was or is the

5    result of their exercise of discretion and judgment concerning the scheduling of their time or their

6    personal choice.

7

8

<div align="center">EIGHTH AFFIRMATIVE DEFENSE</div>

9          8.       As a separate and distinct affirmative defense, the Complaint and each of its

10   causes of action are barred because if Plaintiff performed Plaintiffs' job duties at Defendant as

11   Plaintiffs allege, then Plaintiffs failed to perform those duties which Defendant realistically

12   expected Plaintiffs to perform and otherwise misperformed Plaintiffs' duties, and, therefore,

13   under *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785 (1999), Plaintiffs cannot support a

14   claim for misclassification as exempt.

15

16

<div align="center">NINTH AFFIRMATIVE DEFENSE</div>

17         9.       As a separate and distinct affirmative defense, Defendant alleges that, assuming

18   arguendo that Plaintiffs were or are entitled to meal breaks under California law, they had and

19   have the opportunity to take such breaks and chose not to take them and/or either verbally or in

20   writing, waived some or all of their meal and/or rest periods.

21

22

<div align="center">TENTH AFFIRMATIVE DEFENSE</div>

23         10.      As a separate and distinct affirmative defense, Defendant is informed and believes

24   that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

25   any damages suffered were the result of failure by Plaintiffs to comply with the reasonable

26   expectations of Defendant or follow Defendant's reasonable instructions and policies.

27

28

1

ELEVENTH AFFIRMATIVE DEFENSE

2          11.      As a separate and distinct affirmative defense, Defendant alleges that the

3    Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was

4    and is a bona fide, good faith dispute as to Defendant's obligations under any applicable

5    California Labor Code provisions; and (2) Defendant did not willfully fail to pay any wages. Any

6    violation of the California Labor Code or Order of the Industrial Welfare Commission, was an act

7    or omission made in good faith, and Defendant had reasonable grounds for believing that its wage

8    payment practices complied with existing laws and that any act or omission was not a violation of

9    the California Labor Code or any Order of the Industrial Welfare Commission, so that Plaintiffs

10   are not entitled to any damages in excess of any wages for hours worked that might be found to

11   be due.

12

13

TWELFTH AFFIRMATIVE DEFENSE

14          12.      As a separate and distinct affirmative defense, Defendant alleges that all or

15   portions of the claims set forth in the Complaint are barred by the equitable doctrines of laches,

16   waiver, consent, estoppel or unclean hands.

17

18

THIRTEENTH AFFIRMATIVE DEFENSE

19          13.      As a separate and distinct affirmative defense, Defendant is informed and believes

20   that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges,

21   that Plaintiffs would be unjustly enriched if allowed to recover anything from Defendant.

22

23

FOURTEENTH AFFIRMATIVE DEFENSE

24          14.      As a separate and distinct affirmative defense, Defendant alleges that all or

25   portions of the claims of Plaintiffs are barred by the defense of release or accord and satisfaction.

26

27

28

1

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs lack standing to bring their claims as to all or a portion of the claims alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action in the Complaint, or some of them, are barred because the Wage Orders of the Industrial Welfare Commission, the Labor Code, the California Code of Regulations, or the Fair Labor Standards Act are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States and California Constitutions to, among other things, due process of law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As a separate and distinct affirmative defense, Defendant alleges Plaintiffs are not entitled to any relief with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq.*, that have been discontinued, ceased and are not likely to recur.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    As a separate and distinct affirmative defense, Defendant alleges that pursuant to California Business and Professions Code section 17200, *et seq.*, Plaintiffs' claims for restitution are barred to the extent that these claims constitute damages or penalties.

1

<div align="center">

TWENTIETH AFFIRMATIVE DEFENSE

</div>

2        20.    As a separate and distinct affirmative defense, Plaintiffs' cause of action under

3   California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiffs

4   cannot show an injury to competition, as distinguished from injury to Plaintiffs, which such injury

5   Defendant denies.

6

7

<div align="center">

TWENTY-FIRST AFFIRMATIVE DEFENSE

</div>

8        21.    As a separate and distinct affirmative defense, Plaintiffs' cause of action under

9   California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiffs, as

10  private litigants, lack standing to bring a cause of action for damages under California Business

11  and Professions Code section 17203.

12

13

<div align="center">

TWENTY-SECOND AFFIRMATIVE DEFENSE

</div>

14       22.    As a separate and distinct affirmative defense, Plaintiffs' cause of action under

15  California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiffs are

16  not seeking recovery of a quantifiable sum owed by Defendant to Plaintiffs.

17

18

<div align="center">

TWENTY-THIRD AFFIRMATIVE DEFENSE

</div>

19       23.    As a separate and distinct affirmative defense, Defendant alleges that the

20  Complaint fails to properly state a claim for attorneys' fees under California Code of Civil

21  Procedure section 1021.5, California Labor Code sections 218.5, 1194, 2802; California Business

22  and Professions Code section 17200, *et seq.*, or any other basis.

23

24

<div align="center">

TWENTY-FOURTH AFFIRMATIVE DEFENSE

</div>

25       24.    The purported ninth cause of action is barred because California Business and

26  Professions Code section 17200 et seq., as stated and as sought to be applied, violate Defendant's

27  rights under the United States Constitution and the California Constitution in that, among other

28

<div align="center">

-7-

</div>

things, these provisions are void for vagueness, violative of equal protection, violative of due process, an undue burden upon interstate commerce, and violative of the freedom of contract.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    As a separate and distinct affirmative defense, Plaintiffs' cause of action for failure to provide itemized wage statements under California Labor Code section 226(a) is barred on the grounds that there was no "knowing and intentional failure" on Defendant's part to provide proper itemized earnings statements; nor did Plaintiffs suffer injury as a result of any alleged violation of California Labor Code section 226.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    As a separate and distinct affirmative defense, Plaintiffs' cause of action for failure to provide itemized wage statements under California Labor Code section 226(a), is barred to the extent that Defendant's failure, if any, to provide accurate wage statements was inadvertent and/or due to clerical error.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    As a separate and distinct affirmative defense, Defendant alleges that some or all of Plaintiffs' claims are barred by the doctrine of res judicata, claim preclusion, collateral estoppel, issue preclusion, or judicial estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because the alleged losses or harms sustained by Plaintiffs, if any, resulted from the acts or omissions of Plaintiffs.

1

### TWENTY-NINTH AFFIRMATIVE DEFENSE

2    29.    As a separate and distinct affirmative defense, Defendant alleges that to the extent

3    that Plaintiffs seek civil penalties, such claims are unconstitutional under the United States and

4    California Constitutional provisions of due process, equal protection or the excessive fines

5    clauses.

6

7    ### THIRTIETH AFFIRMATIVE DEFENSE

8    30.    To the extent Plaintiff's claims arise from Defendant's alleged failure to reimburse

9    for necessary business expenses, Plaintiff's claims are barred as the expenditures and/or losses

10    were not necessary or incurred as a direct consequence of the discharge of Plaintiff or the

11    purported aggrieved employees' duties.

12

13    WHEREFORE, Defendant prays for judgment as follows:

14

15    1.    That Plaintiffs take nothing by reason of their Complaint, that the Complaint be

16    dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

17    2.    That Defendant be awarded its reasonable costs and attorneys' fees pursuant to

18    California Labor Code section 218.5 or any other applicable law or statute; and

19

20    3.    That Defendant be awarded such other and further relief as the Court deems just

21    and proper.

22

23

24

25

26

27

28

DOLLAR TREE STORES, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  January 2, 2024

PAUL HASTINGS LLP
ELENA R. BACA
RYAN D. DERRY
JENNIFER MILAZZO


By:_____
            RYAN D. DERRY

Attorneys for Defendant
DOLLAR TREE STORES, INC.

DOLLAR TREE STORES, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

## <u>PROOF OF SERVICE</u>

2

3          I am employed in the County of San Francisco, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 101 California Street, Forty-Eight Floor, San Francisco, California  94111.

4

5          On January 2, 2024, I served the foregoing document(s) described as:

**DEFENDANT DOLLAR TREE STORES, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

6

7 on the interested parties addressed as follows:

8          Jonathan M. Genish
          Karen I. Gold
9          Marissa A. Mayhood
          jgenish@blackstonepc.com
10          kgold@blackstonepc.com
          mmayhood@blackstonepc.com
11          BLACKSTONE LAW, APC
          8383 Wilshire Boulevard, Suite 745
12          Beverly Hills, California 90211
          Telephone: (310) 622-4278
13          Fax: (855) 786-6356

14

15          ☒          **VIA U.S. MAIL:**

16          I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice such sealed envelope(s) would be deposited with the U.S. postal service on January 2, 2024 with postage thereon fully prepaid, at San Francisco, California.

17

18

19          ☒          **VIA ELECTRONIC MAIL:**

          By personally emailing the aforementioned document(s) in PDF format to the respective email address(es) listed above on January 2, 2024.  I did not receive an electronic message indicating any errors in transmission.

20

21          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23          Executed on January 2, 2024, at San Francisco, California.

24

25                                        _____
                                          */s/ Chris Altamirano*
                                          Chris Altamirano
26

27

28

-12-

DOLLAR TREE STORES, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

GZJ KDKV'H